ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                   )
                                               )
SkyQuest Aviation, LLC                         )          ASBCA No.  62586
                                               )
Under Contract No.  FA5682-19-P-A040           )

APPEARANCE FOR THE APPELLANT:          Mr. William Tresky
                                         President

APPEARANCES FOR THE GOVERNMENT:        Jeffrey P. Hildebrant, Esq.
                                         Air Force Deputy Chief Trial Attorney
                                       Maj Michelle E. Gregory, USAF
                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE SWEET

In this appeal, *pro se* appellant Skyquest Aviation LLC (SQA) seeks monetary damages, challenges the government's termination of a contract for cause, and challenges the government's issuance of a negative contractor performance assessment report (CPAR).  On August 21, 2020, the government moved to strike, arguing that we do not possess jurisdiction over the monetary and termination for cause claims because SQA failed to present a proper claim to the contracting officer (CO), and raises new claims. The government also argues that we do not possess jurisdiction over the CPAR claim because the CPAR claim seeks injunctive relief.  SQA opposes the motion.

For the reasons discussed below, we do not possess jurisdiction over the monetary claim because SQA did not certify that monetary claim.  However, despite SQA's failure to properly present a claim to the CO, we possess jurisdiction over the termination for cause claim because it is a government claim that SQA did not have to present in order to establish our jurisdiction.  We do not possess jurisdiction over the CPAR claim because SQA did not present that claim to the CO.  Therefore, we grant the motion to strike in part, deny the motion in part, and strike the monetary and CPAR claims.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1.  On July 31, 2019, the government awarded SQA Contract No. FA5682-19-P-A040 (040 Contract) to provide functional check flight pilot, flight engineer, and related services in exchange for $429,600 (R4 tab 6).  The 040 Contract included a termination for cause clause, which stated that "[t]he Government may terminate this contract . . . for cause . . . if the Contractor fails to comply with any contract terms and conditions" (*id*. at 23).

2. A dispute arose as to whether the 040 Contract required that pilots possess current Air Force (AF) Form 8s (R4, tab 10 at 2-4).

3. Apparently, SQA sent the government an email on October 30, 2019, indicating that it was withdrawing from continued performance under the 040 Contract (R4, tab 9).[1]

4. On November 21, 2019, the government sent SQA a Cure Notice, asking SQA to notify the CO if SQA could provide a pilot who met the 040 Contract's requirements, and if its position withdrawing from performance had changed (R4, tab 9).

5. On November 30, 2019, SQA responded to the Cure Notice (Cure Notice Response). In the Cure Notice Response, SQA asserted that the 040 Contract did not require that pilots possess current AF Form 8s. However, the Cure Notice Response continued, the government's change of insisting that pilots possess current AF Form 8s, caused any failure of performance. (R4, tab 10 at 2-4) The Cure Notice Response concluded by stating that "[w]e request the cure notice be withdrawn and if the government refuses to abide by the [performance work statement (PWS)] and applicable regulations we are relieved of continuing performance and the government pay all applicable outstanding invoices" (*id*. at 4). The Cure Notice Response did not include a sum certain or a certification (*id*.). In fact, there is no certification in the record.

6. Between October 31, 2019 and July 22, 2020, SQA presented eight invoices for a total of $429,600 (app. R4 supp. tabs 3-10).

7. On April 7, 2020, the government terminated the 040 Contract for cause on the grounds that SQA "failed to provide a Pilot and Special Missions Aviator that meet the requirements of the PWS and subsequent [Air Force Instructions]. Additionally, SQA withdrew from performance in a letter to the Contracting Officer on 30 November 2019." (R4, tab 12)

8. Apparently, the government subsequently issued a negative CPAR (compl. at 8). However, that CPAR is not in the record. Nor is there any evidence in the record that SQA presented a written demand or assertion seeking, as a matter of right an adjustment to the CPAR.

9. SQA filed an appeal with the Board (R4, tab 13). In its Complaint, SQA alleges that the 040 Contract did not require that pilots possess a current AF Form 8. However, the government's change of insisting that pilots possess a current AF Form 8 caused any failure of performance. (Compl. at 1-2) The complaint seeks a judgment

_____

[1] The actual October 30, 2019 email is not in the administrative record. Rather, the Cure Notice references the October 30, 2019 email. For purposes of this motion only, we adopt the Cure Notice's characterization of the October 30, 2019 email.

2

against the government in the amount of $429,600 (monetary claim), to have the termination for cause removed (termination for cause claim), and to have the CPARs removed, corrected, and resubmitted (CPAR claim).  (*Id*. at 8)

DECISION

We do not possess jurisdiction over the monetary claim because SQA did not certify that monetary claim.  We possess jurisdiction over the termination for cause claim because that is a government claim, which SQA did not have to present to the CO.  We do not possess jurisdiction over the CPAR claim because SQA did not present that claim to the CO.

I.  We do not Possess Jurisdiction over the Monetary Claim

We do not possess jurisdiction over the monetary claim because SQA did not certify that claim for over $100,000.  Under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, we only possess jurisdiction over an appeal of a claim if a contractor presented that claim to the CO.  *Islands Mechanical Contractor, Inc.*, ASBCA No. 59655, 17-1 BCA ¶ 36,721 at 178,809.  A claim is a:

> [W]ritten demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to [the] contract.  However, a written demand or written assertion by the Contractor seeking the payment of money exceeding $100,000 is not a claim under [the CDA] until certified.  A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under [the CDA]. The submission may be converted to a claim under [the CDA] by complying with the submission and certification requirements of this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

FAR 52.233-1(c).  While a defective certification in a monetary claim for over $100,000 is curable and does not deprive us of jurisdiction, *Hejran Hejrat Co., LTD v. United States Army Corps of Engineers*, 930 F.3d 1354, 1359 (Fed. Cir. 2019), the complete absence of a certification on such a claim is a jurisdictional defect that cannot be cured during an appeal. *Tefirom Insaat Enerji Sanayi ve Ticaret A.S.*, ASBCA No. 56667, 11-1 BCA ¶ 34,628 at 170,630; *see also* 41 U.S.C. § 7103(b)(1).  A claim is a monetary claim that a contractor must certify if the only significant consequence would be that the contractor would obtain monetary damages from the federal government. *Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354, 1360 (Fed. Cir. 2018); *Parsons Gov't*

3

*Services, Inc.*, ASBCA No. 62133, 20-1 BCA ¶ 37,586 at 182,511; *Greenland Contractors I/S*, ASBCA Nos. 61113, 61248, 19-1 BCA ¶ 37,259 at 181,331-32.

Here, the only significant consequence of SQA's monetary claim would be that SQA would obtain monetary damages from the federal government—namely $429,600 (SOF ¶¶ 5-6, 9). However, SQA did not certify that claim for over $100,000 (SOF ¶ 5). That complete lack of a certification deprives us of jurisdiction over the monetary claim. *Tefirom Insaat Enerji Sanayi ve Ticaret A.S.*, 11-1 BCA ¶ 34,628 at 170,630.[2]

II. We Possess Jurisdiction over the Termination for Cause Claim

Despite SQA's failure to properly present a claim to the CO, we possess jurisdiction over the termination for cause claim because that claim is a government claim that SQA did not have to present to the CO in order to establish our jurisdiction. A "termination for default is a government claim not subject to CO presentment under the CDA." *Securiforce*, 879 F.3d at 1363 (citing *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1268 (Fed. Cir. 1999); *Malone v. United States*, 849 F.2d 1441, 1443 (Fed. Cir. 1988)).[3] When the contractor asserts certain affirmative defenses to a termination for cause—such as seeking an extension of time or an equitable adjustment— it must present those defenses to the CO. *Securiforce*, 879 F.3d at 1362; *DCX-CHOL Enterprises, Inc.*, 19-1 BCA ¶ 37,394 at 181,800; *ECC CENTCOM Constructors, LLC*, 18-1 BCA ¶ 37,133 at 180,713. However, because the issue of whether a contractor complied with the contracts' terms and conditions is an element of the government's termination for cause claim—and not an affirmative defense, FAR 52.212-4(m); *Chem-Care Co., Inc.*, ASBCA No. 53614, 06-2 BCA ¶ 33,427 at 165,726—that issue is not subject to *Securiforce*'s requirement that a contractor present certain affirmative defenses to the CO. *See* 879 F.3d at 1362-63.

Here, SQA's central argument is that the CO erroneously terminated for cause on the grounds that SQA failed to provide a pilot that satisfied the 040 Contract's terms because the 040 Contract's terms did not require that pilots possess current AF Form 8s

---

[2] Because we conclude that SQA did not certify its monetary claim, we do not decide whether SQA satisfied the sum certain requirement by either converting its invoices to a claim through the Cure Notice Response, or submitting the invoices when payment was in dispute

[3] The government did not have to seek a sum certain on its termination for cause claim because that claim is not monetary. A termination for cause claim is "money oriented" because the contractor will be liable to the government for excess reprocurement costs if the termination was proper, and the government will be liable to the contractor for termination for convenience costs if the termination for cause was improper. *Malone*, 849 F.2d at 1444-45. However, the transfer of money is not the only significant consequence of a termination for cause claim because a termination for cause also may lead to debarment. *Id*. at 1445.

4

(SOF ¶ 9). That assertion merely constitutes an allegation that the government has not met its burden of proving an element of its termination for cause claim—namely that SQA did not comply with the contracts' terms and conditions—and does not constitute an affirmative defense. FAR 52.212-4(m); *Chem-Care Co.*, 06-2 BCA ¶ 33,427 at 165,726. As a result, SQA did not need to present that argument to the CO in order to establish our jurisdiction under *Securiforce*, 879 F.3d at 1362-63.

### III. We do not Possess Jurisdiction over the CPAR Claim

We do not possess jurisdiction over SQA's CPAR claim. We only possess jurisdiction over a CPAR claim if the contractor presented to the CO a valid claim—*i.e.*, a written demand or assertion seeking, as a matter of right, an adjustment to the CPARs rating. *Bliudzius Contractors, Inc.*, ASBCA No. 42365, 92-1 BCA ¶ 24,605; *Konoike Const. Co.*, ASBCA No. 40910, 91-3 BCA ¶ 24,170. Here, there is no evidence in the record that SQA presented a written demand or assertion seeking, as a matter of right, an adjustment to the CPAR (SOF ¶ 8). Thus, we do not possess jurisdiction over the CPAR claim.

### CONCLUSION

For the foregoing reasons, we grant the motion to strike in part, and deny the motion in part. We strike the monetary and CPAR claims, without prejudice.

Dated: January 7, 2021

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62586, Appeal of SkyQuest Aviation, LLC, rendered in conformance with the Board's Charter.

Dated:  January 8, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals